# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SATISH DAT BEAST also known as )
GO GO SATISH, )
                                       )     **Case No. 1:26-cv-146-SPB**
                **Plaintiff,** )
                                         )
             **v.** )
SABRINA CARPENTER as Grammy- )
Award Winning Recording Artist, )
*et al.,* )
                                         )
              **Defendants.** )

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

### I.      Introduction

Ronald Satish Emrit ("Emrit"), acting *pro se*, commenced this civil action under the name "Satish Dat Beast also known as Go Go Satish." This Court has previously taken judicial notice of Emrit's status as a serial, vexatious litigant. *See Presidential Candidate P60005535 v. Kardashian, No.* 1:25-CV-356-SPB, 2025 WL 3638201, at *1 (W.D. Pa. Dec. 16, 2025); *see also Emrit v. United States Pat. & Trademark Off.,* No. 1:25-CV-278-SPB, 2025 WL 2988663, at *2 (W.D. Pa. Oct. 23, 2025) (citing *Emrit v. Prince George's Cnty. Police Dep't,* No. CV 25-249, 2025 WL 2345179, at *2 (W.D. Pa. Aug. 13, 2025) (recounting "Plaintiff's proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country"); *Emrit v. Progressive Ins. Co.,* Case No. 3:24-cv-13, 2024 WL 436385, at *2 (N.D. Fla. Jan. 11, 2024) (identifying Plaintiff as a "'serial pro se filer' who has been a party in more than 700 federal cases and the plaintiff in more than 400 federal cases"), *Report and Recommendation adopted,* 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed,* No.

24-10413-G, 2024 WL 3664060 (11th Cir. Mar. 4, 2024); *Emrit v. Bd. of Immigr. Appeals*, Case No. 2:22-CV-00110, 2022 WL 4287659, at *1 & n.1 (S.D. W. Va. Mar. 31, 2022) (court noting that Emrit had filed cases "nationwide, from Maine to Hawaii" and cataloguing all the various cases that were dismissed as meritless and frivolous), *Report and Recommendation adopted*, 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022).

In this lawsuit, Emrit has sued "Sabrina Carpenter as Grammy-Award Winning Recording Artist," "The Grammys/Recording Academy," Justice Ketanji Brown-Jackson, and Lady Gaga, among others, for alleged defamation, public nuisance, industrial espionage, and tortious interference with business relations. Emrit describes himself in the complaint as "an indigent, disabled, and unemployed resident of the state of Nevada and Maryland," ECF No. 1-1, ¶12, although he also appears to have a mailing address in Florida, *see* ECF No. 1-8. Emrit further identifies himself as a musician who conducts his business with Amazon through "Ditto Music of England." ECF No. 1-1, ¶33.

In his complaint, Emrit states that the Grammy Awards "are out of style" and that they discriminate "towards women and minorities." ECF No. 1-1, ¶¶24-25, 33. He contends "that the Grammys and its recording artists like Sabrina Carpenter and Lady Gaga are committing defamation (libel and slander) and/or the dignitary tort of the invasion of privacy by talking about President Donald John [T]rump in a negative manner which could be perceived as violation of the Alien and Sedition Acts." *Id.* ¶30. Emrit further states that "the Grammys have become a public nuisance to everybody in the worl[d] who understands that neither Los Angeles nor network TV (CBS) has any influence over a new music business ...." *Id.* ¶31. He "believes that the Grammy Awards and network TV ... are committing industrial espionage by trying to compete with a new music business with their outdated shows like The Voice, American Idol,"

2

and others "which have a circus-like atmosphere and from which nobody ever becomes a star." *Id.* ¶32. He alleges that "larger companies like NFL [sic] and Toyota try to interfere with smaller companies like Ditto Music by trying to monopolize Amazon, Apple, and YouTube in what [Emrit] describes [as] an Antitrust Violation ...." *Id.* Based on these allegations, Emrit requests $500 billion in damages and various forms of equitable relief.

Emrit seeks leave to prosecute his complaint in this case *in forma pauperis* ("IFP"). To that end, he has filed an affidavit in support of his IFP application. ECF No. 1.

## II.    Review of Plaintiff's Application for Leave to Proceed in Forma Pauperis

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed *in forma pauperis* under § 1915(a); second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise subject to *sua sponte* dismissal. *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *see Brown v. Sage*, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed in forma pauperis on appeal); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010); *Rogers v. United States*, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007).

Here, Emrit's motion for leave to proceed *in forma pauperis* will be granted, as it appears that he lacks sufficient funds to pay the required filing and administrative fees in this action. Accordingly, the Clerk will be directed to file his complaint as a separate docket entry.

**III.    Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)**

A. <u>Governing Legal Standards</u>

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a viable claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp.*, 903 F.3d 95, 96-97 (3d Cir. 2018). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) review, it must contain more than just labels and conclusions or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4

Because Emrit is proceeding *pro se,* his complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But while courts construe *pro se* pleadings liberally, "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend the complaint, unless further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B. Analysis

Emrit's complaint in this case suffers from at least two defects that require its dismissal. First, the complaint fails to establish this Court jurisdiction over any putative claim. Under Article III of the United States Constitution, a federal court's jurisdiction is limited to actual cases or controversies. U.S. Const., art. III, § 2, cl. 1. For there to be a "case or controversy" under Article III, the plaintiff must have a "personal stake" in the case, or "standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To do so, the plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Ramirez*, 594 U.S. at 423 (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992)). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is

no case or controversy for the federal court to resolve." *Id.* (internal quotations and citation omitted).

Here, Emrit has not established that he has standing to sue anyone regarding the matters set forth in his complaint. At no point does he offer allegations tying any of the named Defendants to a particularized, redressable injury that he suffered. *See Presidential Candidate No. P60005535 v. Kardashian*, No. 3:25-CV-2695-JES-VET, 2025 WL 2962003, at *2 (S.D. Cal. Oct. 20, 2025) ("Plaintiff argues that he was wrongfully denied a Section 8 Housing voucher but does not state any facts tracing that injury to acts by any Defendant. Plaintiff does not state how he individually was injured by Defendants allegedly emasculating various public figures or by tortious interference with business relations. Further, Plaintiff cannot bring an action based on defamation on behalf of the President.").

Even if subject matter jurisdiction could be established, however, it is clear that venue does not lie in this judicial district. *See* 28 U.S.C. §1391(b). None of the Defendants identified in the complaint are residents of this Commonwealth, nor do Emrit's allegations suggest that any part of the events or omissions giving rise to his putative claims occurred here. Notably, Emrit identifies himself as a resident of both Nevada and Maryland, but not Pennsylvania. In sum, this judicial district plainly is not the appropriate venue for Emrit's lawsuit.

## IV.    Conclusion

Based upon the foregoing reasons, the Plaintiff's motion for leave to proceed *in forma pauperis* will be granted. However, the complaint will be dismissed without prejudice for lack of jurisdiction. The dismissal of the complaint will be without leave to amend, as further amendment would be futile. *Grayson*, 293 F.3d at 114.

An appropriate order follows.

6

SUSAN PARADISE BAXTER
United States District Judge

7